UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FITZGERALD JOHNSON                                          CIVIL ACTION

VERSUS                                                      NO. 04-1851
                                                            c/w 06-6113

CITY OF SLIDELL, ET AL.                                     SECTION "A" (5)

### ORDER AND REASONS

Before this Court is a **Motion for Relief from Order under Fed. R. Civ.P. 60(b); a Motion for Leave to file Motion to Dismiss under 12(b)(6); and an Alternative Motion for Summary Judgment (Rec. Doc. 67)** filed by defendants and set for hearing on October 24, 2006 on the briefs. Plaintiff, Fitzgerald Johnson, a *pro se* litigant, opposes the motion. The Court's ruling on the Motion for Summary Judgment is dispositive, thus making all other pending motions moot. Therefore, for the reasons that follow, defendants' **Motion for Summary Judgment (Rec. Doc. 67)** is **GRANTED**.[1]

### I. Factual Background

On November 14, 2002, the plaintiff arrived at Slidell City Court to pay a fine from his

---

[1] In 06-6113, a consolidated case, the Court notes that, with the exception of lack of evidence, defendants the city of Slidell, police chief Freddie Drennan, and officer Matt Fisher, have raised the same arguments as asserted in the instant Motion for Summary Judgment, in the form of a Motion to Dismiss under 12(b)(6).

1

conviction on a second DWI charge. On that same date, and after several extensions to complete payment of the fine, the city court judge revoked the plaintiff's probation due to his failure to pay, and ordered him to serve the underlying suspended sentence from his guilty plea. The plaintiff spent six months in the city jail. It is during this ensuing period of confinement that plaintiff alleges that an assortment of state and federal law violations occurred.[2]

## II. Arguments

### *Defendants: Heck v. Humphrey*

First, defendants contend that in order to have a cause of action stemming from his confinement, the plaintiff must satisfy the requirements of *Heck v. Humphrey*.[3] Specifically, defendants assert that a §1983 plaintiff must prove that the underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. Therefore, defendants argue that as a prerequisite to bringing this suit, the plaintiff must "allege this primary element to have a successful cause of action."[4]

---

[2] Namely that: 1) defendant Matt Fisher, a correctional officer, kicked him between the lower back and buttocks after which he was denied the right to see a doctor; 2) "drunk tank" time resulted in [his] sickness, for which he was denied the right to see a doctor; 3) he broke a cap on his tooth due to a foreign object being in his food, but received no medical attention despite complaints to the jail; 4) at an unknown date and time, he asked an unknown correctional officer for a cup of water, but was instead brought a cup of hydrogen peroxide and as a result of ingesting the hydrogen peroxide, he was sent to Slidell Memorial Hospital for medical treatment.

[3] Def. Memo in Supp. of MSJ, p. 20; *citing Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[4] Def. Memo in Supt. of MSJ, p. 20

Responding to plaintiff's assertion that they have waived the *Heck* defense, defendants contend that *Heck* is a "jurisprudential bar to the cause of action...[T]here is no requirement that the principles set out therein be pled as an affirmative defense, as it works as a complete bar to the action."[5]  In any case, defendants note that they did assert the affirmative defense of no cause of action in their Answer.[6]  Therefore, defendants urge that they have timely and properly asserted each of their defenses and motions.[7]

### *Immunity*

Second, defendants argue that the Slidell City Court and its personnel are entitled to "absolute immunity for their errors and omissions under both Louisiana and federal jurisprudence." [8]

### *Proper Revocation*

Third, defendants argue that the Slidell City Court properly revoked the plaintiff's probation under applicable state law.[9]  In addition, the defendants note that "the process of revocation was followed completely and legally," and cite to case law outlining the minimal due

---

[5] Def. Rep. Memo in Supt of MSJ, p. 3

[6] Def. Rep. Memo in Supt of MSJ, p. 3

[7] Defendants also point to this Court's Order and Reasons issued June 26, 2006 specifically addressing this issue. Def Memo Supp. of MSJ, p. 4

[8] Def. Memo in Supt. of MSJ, p.20; *citing Moore v. Taylor*, 541 So.2d 378 (La. 1989); *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

[9] Def. Memo in Supt. of MSJ, p. 21;

process afforded to probationers.[10]  In support of this argument, defendants outline that the plaintiff acknowledged in his deposition that he was represented by an attorney for the revocation, signed a guilty plea and *Boykin* waiver, and was issued a summons.[11]

### *Lack of Evidence*

Finally, defendants argue that the plaintiff, despite having two years to produce competent evidence, has presented no evidence of any act or omission by defendant Fisher or against the city of Slidell, and has set forth no cause of action related to the jail conditions.

Addressing the plaintiff's allegations of battery by hydrogen peroxide, defendants assert that the plaintiff has no evidence of a "purposeful switch."[12]  Further, defendants note that the plaintiff admitted in his deposition that he received medical aid after ingesting the hydrogen peroxide.[13]  Defendants note that the record also shows that a nurse came to see the plaintiff three times a week following his request for medical attention.[14]

Addressing the plaintiff's "rock in the chili claim," defendants argue that the plaintiff himself has suggested that he believes it was a "trustee" who put the rock in his food, and that corrections officers likely had no idea about the rock.[15]

Addressing plaintiff's alleged back injury resulting from defendant Fisher's kick,

---

[10] Def. Memo in Supt. of MSJ, p.14; *citing Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221; *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656.

[11] Def Reply Memo p. 10-12

[12] Def Memo in Supp. of MSJ, p. 22

[13] Pla. Depo. p. 81

[14] Pla. Depo. p. 32

[15] Def. Reply Memo in Supp. of MSJ, p. 16; *citing* Pla. Depo.

defendants argue that the plaintiff has conceded that he had no proof that the injury stemmed from Fisher kicking him.[16] Furthermore, defendants argue that even if defendant Fisher kicked the plaintiff, then defendant Fisher was in the course and scope of his employment, and thus entitled to qualified immunity.

### *Plaintiff's Arguments* [17]

### *Heck v. Humphrey*

The plaintiff argues that the *Heck v. Humphrey* defense was waived by defendants for failure to assert it as an affirmative defense.[18]  In the alternative, plaintiff contends that *Heck* is inapplicable as a bar for his claims arising out of the revocation proceedings.  He also contends that *Heck* is inapplicable due to his "unlawful forfeiture of appellate rights surrounding the revocation proceedings." [19]  Specifically, he asserts that the attorney representing him during the revocation proceedings failed to advise him of his right to appeal the probation revocation.

### *Immunity*

In response to defendants' argument, the plaintiff argues that only the city of Slidell is entitled to immunity "since the rights violated were clearly established, under federal and state law." [20]  Furthermore, the plaintiff contends that the state law immunizing public entities and

---

[16] Def. Reply Memo in Supp. MSJ,  p. 17

[17] This Court will only address those claims properly raised before the court and bearing on defendants' Motion for Summary Judgment.

[18] Federal Rule of Civil Procedure 4

[19] Pla. Memo in Opp to MSJ,  p. 4

[20] Pla. Memo in Opp to MSJ,  p. 2

employees for constitutional torts is preempted by Section 1983.[21]

Addressing defendants' contention that the revocation of probation was done pursuant to state and federal law, plaintiff argues that the Slidell City Court was without jurisdiction to revoke his probation.[22]

### *Lack of Evidence*

Addressing defendants' lack of evidence argument, the plaintiff asserts that there is nothing in the record to indicate that the St. Tammany Parish coroner made weekly sick calls or that he refused medical treatment.[23] Furthermore, plaintiff argues there are no affidavits by any of the city's jailors in the record that refute any of his claims and that defendants are relying on strictly word of mouth.[24] Moreover, he argues that no transcript of the guilty plea or revocation proceeding has been provided to ensure compliance with *Gagnon v. Scarpelli* and *Bearden v. Georgia.*[25]

### **III. Summary Judgment Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v.*

---

[21] Pla. Memo in Opp to MSJ, p. 4

[22] Pla. Memo in Opp to MSJ, p. 2,3

[23] Pla. Memo in Opp to MSJ, p. 3

[24] Pla. Memo in Opp to MSJ, p. 3

[25] Pla. Memo in Opp to MSJ, p. 3

*Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  *Id.* (citing FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id; (citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

## IV. Discussion

As a preliminary matter, this Court's ruling will only address those arguments raised by the parties relating to the *Heck* bar and the lack of evidence.  These arguments are dispositive.

### *Heck v. Humphrey and Probation Revocation*

In *Heck v. Humphrey,* the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[26]

---

[26] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

For purposes of this case, the Court notes that the *Heck* bar is applicable to 42 U.S.C. § 1983 claims challenging revocation proceedings. *Adongo v. State of Texas*, 124 Fed. Appx. 230 (5th Cir. 2005); *See also Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122 (5th Cir. 1995). In *Adongo*, the plaintiff asserted that he was denied due process during his arrest, detention, and revocation proceedings.[27] The Fifth Circuit found that the district court correctly determined that under *Heck*, a favorable ruling on the 42 U.S.C. § 1983 claims presented would call into question the validity of the judgment that revoked the plaintiff's probation. *Id.* The court further found that the district court did not err when it determined that the plaintiff could not obtain relief under 42 U.S.C. § 1983 because he had not shown that the judgment that revoked his probation was reversed or otherwise called into question as required by *Heck*. *Id.*

Without addressing the state law claims, this Court finds that the same result reached in *Adongo* applies to this plaintiff's federal claims surrounding the probation revocation proceedings.

In this case, the plaintiff has alleged the following:

- the "sentence and continued expiration of the court-ordered probationary period deprived the city court of jurisdiction to incarcerate [him] and take [his] money."[28]

- "the city of Slidell is liable for its city court's refusal to return all property

---

[27] The plaintiff in *Adongo* claimed that the state of Texas delayed completing his extradition, the delay constituted a waiver, his arrest was made without a warrant, he was denied counsel, the motion to revoke was invalid and defective, his probation officers refused to appear at the revocation hearing, he was denied the right to confront his probation officers regarding the charged violations, and that favorable evidence was destroyed. Notably, this case was not selected for publication and is subject to CTA5 Rule 47.

[28] 04-1851, Complaint, p. 2

8

> [money] paid in light of revocation to which a prison term was imposed for failure to timely pay said fine." [29]

- "the acceptance of partial fees over and beyond the suspended sentence represent an approval of the same thus rendering the acceptance of the $100.00 on the same day prior to revocation arbitrary." [30]

- "no notice of the charges and evidence the state would use to revoke was given to me prior to the hearing." [31]

- "no evidence was presented that I was able to pay the $492 in full and refused in order to revoke probation." [32]

- "the policy/practice of the city court judge as the final decision maker in failing to provide plaintiff a due process revocation of probation...renders the city of Slidell liable." [33]

- "the decision to *ex-parte* impose the sentence suspended despite taking $100.00 towards payment in accordance to the policy/custom of the court represents a deliberate indifference to plaintiff's right to freedom from discriminatory practices without notice which renders the Slidell City Court and the city of Slidell liable." [34]

The Court finds that a favorable ruling on these 42 U.S.C. § 1983 claims would call into

---

[29] 04-1851, Amended Complaint, Rec. Doc. 15

[30] *Id.*,

[31] 06-6113, Complaint, p. 4; *citing Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[32] 06-6113, Complaint, p. 5; *citing Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Notably, the record indicates that the city court judge had continued the plaintiff's probation hearings and payments *several* times, most likely to accommodate his ability to pay.

[33] 04-1851, Amended Complaint, Rec. Doc. 29

[34] 04-1851, Amended Complaint, Rec. Doc. 29.

9

question the validity of the judgment that revoked plaintiff's probation.  However, the plaintiff has not shown that the judgment that revoked his probation was reversed or otherwise called into question.  Therefore, "having not been so invalidated," these claims against the Slidell City Court, the city court judge, police chief Freddie Drennan, the city of Slidell, and probation officers Paul Higginotham and Samuel Adams, are not cognizable under § 1983.[35]

In so ruling, the Court notes that plaintiff is no longer in custody.  However, this fact does not preclude the application of *Heck*.  Indeed, in *Randell v. Johnson*, a plaintiff argued that because he was no longer in custody he did not need to prove that the underlying proceedings upon which his conviction was based had been terminated in his favor, since he could no longer seek habeas relief. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).  Rejecting this argument, the Fifth Circuit considered the *Heck* bar to be applicable.[36]

The Court also notes that the plaintiff has filed a "Notice of Objections with Sanctions,"[37] in which he contends that the *Heck* defense was waived by the failure to include it in previous motions, and that *Heck* is not applicable to "the following claims which will not call the conviction and or sentence into question."  In accordance with this Court's prior Order (Rec.

---

[35] *Heck*, 512, U.S. 477, 487*;* the Court notes that police chief Drennan and probation officers Higginbotham and Adams were named in civil action # 06-6113, and have raised the *Heck* bar in a Motion to Dismiss under 12(b)(6) in that case.  Police chief Drennan was also named in the original suit.

[36] *See also*, *Collins v. Ainsworth*, 2005 WL 3502174 (finding that *Randell* rejected the view that *Heck* should be relaxed for plaintiffs who have no procedural vehicle to challenge their conviction).

[37] Rec. Doc. 97

Doc. 101), the Court finds that defendants did not waive the *Heck* bar.

Throughout this litigation, the plaintiff has repeatedly attempted to add or alter his claims by means of various pleadings such as his motions for summary judgment, responses to defendants' filings, and the pre-trial and amended pre-trial order he has submitted. The plaintiff's "Notice of Objections with Sanctions" is no different. The Court established a deadline of January 3, 2006 for amending pleadings.[38] This Court will not permit the plaintiff to circumvent a court order by altering his claims or adding them in other documents. Thus, the Court will only consider those claims asserted in either the original Complaint, or the amended Complaints allowed by the Court, and were timely filed.[39]

### *Ineffective Assistance of Counsel*

Although this Court has reviewed the extensive record in this case, and accorded the *pro se* litigant a broad construction of the pleadings, the plaintiff does not assert a specific claim against the unnamed indigent defender representing him, or an underlying state action supporting a Section 1983 claim against such a defendant.[40]

### *Conditions of Confinement*

Plaintiff asserts claims based on inadequate medical care and lack of access to outdoor exercise during the period of his incarceration. Addressing the claim of inadequate medical care, the Court notes that a plaintiff "must allege acts or omissions sufficiently harmful to evidence

---

[38] Scheduling Order, Rec. Doc. 25

[39] 04-1851, Rec. Documents 1, 15, and 29; Civil Action No. 06-6113, Rec. Doc. 1, 11.

[40] 06-6113, Complaint, p. 4

11

deliberate indifference to serious medical needs in order to state a cognizable Section 1983 claim." *Callicutt v. Panola County Jail*, 200 F.3d 816 (5th Cir. 1999); *citing Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court finds that the plaintiff does not meet the deliberate indifference standard, and furthermore, presents no evidence of inadequate medical care. Indeed, a review of the record reveals that plaintiff was transported on one occasion to Slidell Memorial Hospital, and was allowed weekly nurse visits.[41]

Addressing plaintiff's claim for a lack of "meaningful outdoor exercise periods," the Court finds that this claim is precluded as a matter of law. There is no constitutional right to outdoor exercise. *Callicutt*, 200 F.3d 816; *citing Jones v. Diamond*, 594 F.2d 997, 1012-13 (5th Cir. 1979).

### *Excessive Force*

Defendants have pointed to the absence of any evidence in the record to support such a claim. In response, plaintiff has presented no evidence supporting this claim. Therefore, no genuine issue of material fact remains, and summary judgment in favor of defendant Fisher and the city of Slidell is appropriate.

### *Battery by Use of Hydrogen Peroxide*

In his pleadings, the plaintiff did not identify the person he alleges gave him the hydrogen peroxide. In addition, the plaintiff presents no evidence that the hydrogen peroxide was given to him purposefully. Moreover, the record shows that upon ingesting the hydrogen

---

[41] Pla. Exh. att'd to Rec. Doc. 29, Pla. Depo. pgs. 42-47; the record also indicates that the St. Tammany Parish coroner provided medical care at the facility.

peroxide, the plaintiff was brought to Slidell Memorial Hospital for treatment.[42]

### *Rock in the Chili*

In his deposition, the plaintiff concedes that he suspects a prison trustee was responsible for the foreign object he allegedly discovered in his food.[43]

### *Law Library*

Plaintiff argues that the "policy or practice of the Slidell city jail in not providing access to a law library with persons trained in the law to assist me in challenging the unlawful revocation of my probation in violation of due process/equal protection and the conditions of confinement or an alternative to the law library violated my due process/access to courts under *Bounds v. Smith*."[44]

In *Bounds*, the Supreme Court recognized that "adequate law library facilities are *one* constitutionally acceptable method to assure meaningful access to the courts...[but] our decision here...does not foreclose alternative means to achieve that goal." *Bounds*, 430 U.S. 817, 830. More recently in *Lewis v. Casey*, the Supreme Court held that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *citing*

---

[42] Pla. Exh. att'd to Rec. Doc. 29, Pla. Depo. pgs. 42-47

[43] Pla. Depo. p. 37-39.

[44] 04-1851, Amended Complaint, Rec. Doc. 29; *citing Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

*Bounds*, 430 U.S. 817. Under *Lewis*, "the inmate...must...demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. After a review of the record, this Court finds that the plaintiff has made no such showing.

### *Conclusion*

In summary, this Court finds that defendants have met their initial burden of showing "that there is an absence of evidence to support the non-moving party's cause."[45] The plaintiff has not "come forward with specific facts showing a genuine factual issue for trial."[46] The plaintiff cannot rely on mere allegations. Therefore, the Court finds that there exist no genuine issues of material fact, and summary judgment is appropriate as to all federal claims. Accordingly;

**IT IS ORDERED** that defendants' **Motion for Summary Judgment (Rec. Doc. 67)** is **GRANTED**. All federal law claims against the city of Slidell and its unnamed employees, the Slidell City Court and its judges, officer Matt Fisher, chief of police Freddie Drennan, probation officers Samuel Adams and Paul Higginotham, and the unnamed indigent defender who previously represented the plaintiff, are **dismissed with prejudice**.[47]

---

[45] *Celotex*, 477 U.S. 317, 325

[46] *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587

[47] In so holding, the Court notes that it is unclear whether probation officers Higginotham and Adams, or the unnamed indigent defender, are encompassed under the organizational structure of the city of Slidell, Slidell City Court, or the police department through chief Freddie Drennan, for purposes of formally joining in the Motion for Summary Judgment filed in 04-1851, or the Motion to Dismiss filed in 06-6113. Nevertheless, given that: 1) the same facts give rise to the claims in both consolidated cases; 2) the findings that the *Heck* bar is applicable to

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental subject matter jurisdiction pursuant to 28 U.S.C. 1367(c), over plaintiff's state law claims asserted in civil action no. 04-1851.  Therefore, those claims are dismissed **without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's state law claims asserted in civil action no. 06-6113, are remanded to state court.

New Orleans, Louisiana, Monday, March 26, 2007.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

claims stemming from the probation revocation; and 3) no discernable claim lies against the unnamed indigent defender, the Court finds it appropriate to dismiss the federal claims as to all defendants.